**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MEL FREE, EL, | Civil No. 07-2716 (RMB) |
| Plaintiff, | |
| v. | |
| CITY OF PLEASANTVILLE, et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Mel Free, El
126 Shadeland Ave
Pleasantville, New Jersey 08232
    Pro Se Plaintiff

Thomas B. Reynolds, Esquire
Reynolds, Drake, Wright & Marczyk
29 North Shore Road
Absecon, New Jersey 08201
    Attorney for Defendants

**Bumb, United States District Judge:**

This matter comes before the Court upon a motion for summary judgment by Defendants City of Pleasantville, Honorable Richard Fauntleroy, Prosecutor David A. Spitalnik and Officer Herbert Simons and Pleasantville Municipal Court.[1]  Plaintiff has filed

---

[1] The motion for summary judgment appears to be filed twice, see docket Nos. 14 and 15.

1

no opposition. For the reasons set forth herein, the motion is granted in its entirety.

**Procedural History**

On June 21, 2007, Plaintiff, Mel Free, El, filed an Amended Complaint against Defendants Municipal Court Judge Richard T. Fauntleroy, Prosecutor David A. Spitalnik, Police Officer Herbert Simons (improperly named as Simmons), the City of Pleasantville, New Jersey, and the Pleasantville, New Jersey Municipal Court (the "Municipal Court").

The Amended Complaint, liberally construed by this Court, sounds in false arrest, false imprisonment, filing of false charges, improper training and supervision, all in violation of the Fourth and Fourteenth Amendments, contrary to 42 U.S.C. § 1983.

The Amended Complaint, alleges, in relevant part, as follows:

> **Violations of Bill Of Rights Amendments 4,5,6,7**
>
> I Mel Free, El (Plaintiff) was given summons on 10-27-03 to appear in Pleasantville Municipal Court because of an Automotive Violation Driving while suspended and no Insurance Card. That was arraignment of plea.
>
> Pleasantville Municipal Court summons I Mel Free, El to court on 1/31/05 and there was a trial and I challenged the jurisdiction of court and jurisdiction was never answered, and judge Richard T. Fauntleroy and Prosecutor David A. Spitlinick proceeded to force me Mel Free, El through a trial and convicted me in want of jurisdiction, and committing United States Constitution violation that I informed them of.

I Mel Free, El put I a motion to vacate a Void of Judgment and then I received a notice that there was a warrant for my arrest and then I sent them a constructive judicial notice with a refusal for fraud for want of jurisdiction and I also informed then the Pleasantville Municipal Court If a warrant was issued for I Mel Free, El I informed them of the requirements of what a warrant should have and if their warrant did not have these requirements as in Frank Vs. Delaware To cease and stop such actions that can cause a warrant less arrest.  I also sent Pleasantville Municipal Court the Memorandum of points and Authorities for warrants attached as incorporated here in also Notice to officers of court in particular to arresting officers and Miranda warning attached here to as incorporated here in with court notice.

On November 11th 2006 I was stopped by police Officer Herbert Simons Badge # 9935 who gave me two citations # P28649, P28650 and then on November 19th 2006 I was stopped again by Officer Herbert Simons he gave me one more citation for driving on the revoke list and he arrested me stating that Pleasantville police department had a warrant for my arrest, He said Atlantic City had a warrant for my arrest, he said Northfield had a warrant for my arrest, and Egg Harbor Township had a warrant for my arrest.  I informed Officer Simons that there was no lawful warrant for my arrest and if so to produce it and show it to me and he did not, and then he booked (finger printed, took pictures all against my will and then filled out a report on me) and then took I Mel Free, El To Atlantic County Jail, where I was booked again, finger printed, photographed, strip searched, given the Taburcalosa shot, and had blood drawn from me against my will.  I informed my family and we paid the ransom to retrieve my freedom.  I went to court and filed 6 motions Judge Richard T. Fauntleroy accepted only 1 the motion was to secure my constitutional Lawful and Legal Rights and even now I am summons to court still being harassed under threat, Duress, and coercion to proceed in trial.

On May 17, 2007 we had a scheduled court date and had a Motion hearing 4 Motions denied and 1 Motion excepted first motion was for the court to identify itself (Motion Denied) Second Motion, Motion to strike pleading of Judge on my behalf (not guilty) defrauding

> me out of my power of attorney and practicing law from the bench, The third Motion, Motion to continue Case, untitled such time as defendant can be provided a published copy of the rules of criminal procedure under statutory Jurisdiction Fourth Motion To Dismiss for lack of Jurisdiction, Fifth Motion To Rescuers Judge for feuding me out of power of attorney.

Attached to the Amended Complaint is an "Amended Attachment" in which Plaintiff alleges that he "informed the Pleasantville Municipal Court that he is not a citizen of the United States" and that he is

> A Dejure lawful Divine Being, an Indigenous Aboriginal Free Sovereign Moor by Birthright Free Hold Inheritance, A Divine Flesh and Blood Being, My status recorded in the Cumberland County Clerks Office, in Cumberland County New Jersey.

The record before the Court reveals that on October 18, 2003, Plaintiff was issued a traffic summons for failure to carry motor vehicle coverage.  See Ex. B to the Defendants' Brief.[2] Thereafter, Judge Fauntleroy found Plaintiff guilty of the charge.  Id. at Exhibit C.

On November 11, 2006, Officer Simons issued Plaintiff two

---

[2] Before proceeding to the substantive discussion, the Court notes that the Defendants failed to properly submit their exhibits in support of their motion to this Court.  Documents submitted in support of a motion for summary judgment "'must be authenticated by and attached to an affidavit that meets the requirements of [Fed.R.Civ.P.] 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence.'" Countryside Oil Co. v. Travelers Ins. Co., 928 F. Supp. 474, 482 (D.N.J. 1995) (quoting 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2722 at 58-60 (2d ed. 1983)(footnote omitted)).  However, because Plaintiff has not challenged the sufficiency of these exhibits, the Court will rely on them.

summons, one for failure to wear a seat belt, and another for driving with a suspended license/unlicensed driver. Seven days later, Officer Simons issued another summons for failing to have a license. Id. at Exhibit B. On May 17, 2007, Judge Fauntleroy found Plaintiff guilty on these three charges. See Id. at Exhibit D.

**Legal Discussion**

    A.   Judge Fauntleroy

Judge Fauntleroy argues that Plaintiff's Complaint should be dismissed on the basis of the absolute immunity afforded judges when performing their judicial functions. See Briscoe v. LaHue, 460 U.S. 325, 334 (1983). The doctrine of absolute judicial immunity is based upon the need to permit judges to render decisions "with independence and without fear of consequences." Pierson v Ray, 386 U.S. 547, 554 (1967)(internal quotation omitted). It is well established that judges are immune from civil rights suits based on actions performed in their judicial capacities. Briscoe, 460 U.S. at 334; see also, Supreme Court of Virginia v. Consumers Union of the United States, Inc., 446 U.S. 719, 734-35 (1980); Mireles v. Waco, 502 U.S. 9, 11-12 (1991). Immunity extends even where a judge acts erroneously, corruptly, or in excess of his jurisdiction. Mireles, 502 U.S. at 11-12. In such circumstances, recourse can be obtained through appeal but "a judge should not have to fear that unsatisfied litigants

5

may hound him with litigation charging malice or corruption...." Shuster v. Oppelman, 962 F. Supp. 394, 396 (S.D.N.Y. 1997) (quoting Pierson, 384 U.S. at 554).

In Mireles, the Supreme Court held that a judge is absolutely immune from suit unless the actions complained of were "not taken in the judge's judicial capacity" or the suit arises from actions taken by the judge "in the complete absence of all jurisdiction." Mireles, 502 U.S. at 11; see also Figueroa v. Blackburn, 208 F.3d 435, 443 (3d Cir. 2000). An act is a judicial act when "it is a function normally performed by a judge" and when it is an act that arises out of the parties' dealings with the judge in his judicial capacity. Figueroa, 208 F.3d at 443.

Plaintiff does not allege that Judge Fauntleroy was acting outside the scope of his normal judicial functions. Indeed, Plaintiff's Complaint, no matter how liberally construed, cannot support an allegation that the conduct of which Plaintiff complains was outside Judges Fauntleroy's judicial capacity. The acts complained of arise out of Plaintiff's dealings with Judge Fauntleroy in his judicial capacity. The actions complained of are unquestionably judicial acts and, as such, afford Judge Fauntleroy immunity from suits based on those acts.

 B. Pleasantville Municipal Court

To the extent Plaintiff seeks § 1983 redress from Defendant

Pleasantville Municipal Court, such claim fails. A municipal court is not a person for Section 1983 purposes. See, e.g., Briggs v. Moore, 2005 WL 1076059 at *4 (D.N.J. May 5, 2005)(holding that New Jersey Superior Court is not a proper defendant under 42 U.S.C. § 1983). Accordingly, any such claim against Pleasantville Municipal Court fails.

    C. City of Pleasantville

Plaintiff's claims against the Defendant City of Pleasantville must also be dismissed. Government units generally are not liable under § 1983 solely on a theory of respondeat superior. Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 691, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Corr. Facility, 318 F.3d 575, 583 (3d Cir. 2003). Here, Plaintiff's claims against the City of Pleasantville must be dismissed because Plaintiff makes no legally cognizable claim.

    D. Prosecutor Spitalnik

Plaintiff's claims against the Defendant Prosecutor David Spitalnik must also be dismissed. A prosecutor's acts that occur in the course of his or her role as advocate for the state are entitled to absolute immunity. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) (citing Imbler v. Pachtman, 424 U.S. 409, 431

(1976)) (barring suits under 42 U.S.C. § 1983 against prosecutor); N.J. Stat. Ann. 59:22(b), 3-3, 3-8 (barring suits brought under state law).  Here, Plaintiff's claims against Prosecutor Spitalnik arise from his prosecutorial actions.  Consequently, Plaintiff's claims must be dismissed.

    E.   <u>Officer Simons</u>

Finally, this Court finds that the Plaintiff's remaining claims of false arrest and false imprisonment against Defendant Officer Simons are barred by the <u>Heck</u> doctrine.  Pursuant to <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994), a district court must dismiss a claim if a favorable decision would implicate the invalidity of plaintiff's conviction.  <u>See</u> <u>id</u>. (holding that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254").  Because Plaintiff's claims of false arrest and false imprisonment, if successful, would necessarily negate the findings of guilty, as set forth above, these claims must be dismissed without prejudice.

**Conclusion**

For the reasons set forth above, all of Plaintiff's claims will be dismissed.  An appropriate Order will issue this date.


                                    s/Renée Marie Bumb
                                    RENÉE MARIE BUMB
                                    United States District Judge

Date: July 24, 2008